GEORGE E. AKWO (SBN 164670)
george@akwolaw.com
LAW OFFICES OF GEORGE E. AKWO
12080 Ventura Place, Suite D
Studio City, CA 91604
Tel.: (310) 435-9406; Fax: (310) 496-2458

OPHIR JACOB BITTON (SBN 204310)
ophir@bittonlaw.com
BITTON & ASSOCIATES
12080 Ventura Place, Suite D
Studio City, CA 91604
Tel.: (818) 524-1223; Fax: (818) 524-1224

Attorneys for Plaintiff and Counter-Defendant, SOLID 21, INC.

STEPHEN YOUNGERMAN (SBN 98784)
DAVID A. ROBINSON (SBN 161103)
sy@ymlaw.net, dar@ymlaw.net
YOUNGERMAN & McNUTT LLP
11150 West Olympic Boulevard, Suite 900
Los Angeles, CA 90064
Tel.: (310) 478-3780; Fax: (310) 478-3831

JOHN P. MARGIOTTA (*admitted pro hac vice*)
LAURA POPP-ROSENBERG (*admitted pro hac vice*)
ANNA P. LEIPSIC (*admitted pro hac vice*)
jm@fzlz.com; lpopp-rosenberg@fzlz.com; aleipsic@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel.: (212) 813-5900; Fax: (212) 813-5901

Attorneys for Defendant and Counter-Claimant,
RICHEMONT NORTH AMERICA, INC.

*NOTE CHANGES MADE BY THE COURT.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICHEMONT NORTH AMERICA, INC., et al., <br><br> Defendants. <br><br> RICHEMONT NORTH AMERICA, INC., | Case No.: CV11-0454 AHM (AGRx) <br><br> *[Assigned to Magistrate Judge Alicia G. Rosenberg in Court Room D]* <br><br> ~~PROPOSED~~ **STIPULATED PROTECTIVE ORDER** <br><br> Action Filed: January 14, 2011 |

PROPOSED STIPULATED PROTECTIVE ORDER

CASE NO. CV11-0454 AHM (AGRx)

{F0782714.1 }

1

|   |   |   |
|---|---|---|
| 1 | Counter-Claimant, | ) |
| 2 | vs. | ) |
| 3 | SOLID 21, INC., | ) |
| 4 | Counter-Defendant. | ) |

Plaintiff and Counter-Defendant SOLID 21, INC. and Defendant and Counter-Claimant RICHEMONT NORTH AMERICA, INC. (collectively, the "Parties," and each individually, a "Party") agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure would be warranted.

## GOOD CAUSE STATEMENT

The Parties respectfully believe that good cause exists to enter the instant Protective Order in order to protect confidential, proprietary or private information from public disclosure. The confidential, proprietary or private information at issue includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. This Protective Order is necessary to prevent such harm to the Parties. The Parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect such confidential, proprietary or private information from public disclosure.

**BASED ON THE FOREGOING, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The Parties shall petition the Court for entry of the instant Protective Order for purposes of the above-captioned litigation. This Protective Order will

remain in force unless modified by an order of this Court or by a written stipulation of the Parties lodged with this Court.

2. Nothing in this Protective Order will prevent any Party from applying to the Court for relief from any of the provisions hereof, or for such further or additional order as the Court may deem appropriate.

3. In responding to a request for discovery, the producing Party may designate for confidential treatment pursuant to this Protective Order any documents, testimony or other information the producing Party considers in good faith to be, or to reflect or reveal, CONFIDENTIAL MATERIAL, as that term is defined below. Any other Party may object to such designation using the procedures noted herein.

4. For purposes of this Protective Order, "CONFIDENTIAL MATERIAL" means and includes all non-public, confidential or proprietary information or material, whether personal or business related, which is produced for or disclosed to a receiving Party. CONFIDENTIAL MATERIAL may be embodied, among other things, in physical objects, documents (whether in hard copy or computer readable form), deposition testimony, interrogatory answers, responses to requests for admission and/or production, or the factual knowledge of persons (collectively, "Discovery Materials"). CONFIDENTIAL MATERIAL must be so designated by the producing Party in the manner set forth hereinafter, or otherwise agreed to in writing by the Parties. Discovery Materials designated CONFIDENTIAL MATERIAL shall be available only to those persons identified in Paragraph 9, below. Nothing in this Protective Order shall prevent a receiving Party from contending that any or all Discovery Materials designated as CONFIDENTIAL MATERIAL have been improperly designated.

5. CONFIDENTIAL MATERIAL that includes information relating to non-public financial information, marketing plans, and trade secrets (as such term is

defined in California Civil Code § 3426.1),[1] or other information that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace, may additionally be designated "ATTORNEYS' EYES ONLY." Discovery Materials designated CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY shall be available only to those persons identified in Paragraph 10, below. The Parties agree to use reasonable care when designating any Discovery Materials as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY. Nothing in this Protective Order shall prevent a receiving Party from contending that any or all Discovery Materials designated as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY have been improperly designated.

6. A receiving Party may at any time request that the producing Party change any CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY designation to CONFIDENTIAL MATERIAL, or to remove the CONFIDENTIAL MATERIAL designation entirely. Such a request shall be written, shall be served on counsel for the producing Party, shall particularly identify the Discovery Materials that the receiving Party contends have been improperly designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, shall state briefly with respect to each disputed designation the receiving Party's position (and shall provide any legal authority which the receiving Party believes is dispositive of the dispute as to that designation), shall specify the terms of the discovery order to be sought if the producing Party refuses to change or remove the designation, and shall request a conference among the Parties' counsel, pursuant to Local Rule 37-1.

---

[1] California Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

7. Unless relieved by written order of the Court upon good cause shown, counsel for the Parties shall confer within ten (10) days after the receiving Party serves the letter described in Paragraph 6, and shall confer in a good faith effort to eliminate the necessity of filing any motion or to eliminate as many of the disputes as possible, pursuant to Local Rule 37-1. If after such conference the Parties are unable to reach an agreement, the Parties shall prepare a written stipulation pursuant to Local Rules 37-2, 37-2.1 and 37-2.2, and the receiving Party may file a motion asking the Court to remove the CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY designation pursuant to Local Rule 37-2. The Parties also shall comply with the procedures and requirements relating to supplemental memoranda and a hearing on the motion set forth in Local Rules 37-2.3 and 37-3. The Party designating the Discovery Materials as CONFIDENTIAL MATERIAL or CONFIDENTAL MATERIAL-ATTORNEYS' EYES ONLY shall bear the burden of establishing the confidentiality of such material pursuant to this Protective Order.

8. The designation of any Discovery Materials shall be made in the following manner:

(a) Any document or tangible thing containing or including any CONFIDENTIAL MATERIAL may be designated as such by the producing Party marking it with the legend "CONFIDENTIAL" near the Bates number, if practical, on each page containing CONFIDENTIAL MATERIAL (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies prior to or at the time copies are furnished to the receiving Party.

(b) Any document or tangible thing containing or including any CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY may be designated as such by the producing Party marking it with the legend "CONFIDENTIAL-ATTORNEYS' EYES ONLY" near the Bates number, if practical, on each page

containing CONFIDENTIAL MATERIAL (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies prior to or at the time copies are furnished to the receiving Party.

    (c) With respect to deposition testimony or other pretrial testimony:

    (i) by a statement on the record at the time of such disclosure by counsel for the deponent that such testimony is CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, or

    (ii) by written notice, sent by counsel for the deponent to all counsel for all Parties on or before the end of the thirty (30) days after receiving a copy of the transcript thereof;

    (d) All deposition transcripts prepared in the action shall be deemed to be CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY in their entirety until the end of thirty (30) days after their receipt by counsel for the producing Party. Thereafter, only those portions of the deposition transcripts prepared in the action which have been designated by the producing Party as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY will be treated as such pursuant to the provisions of this Protective Order;

9. Discovery Materials designated CONFIDENTIAL MATERIAL and information contained therein may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    (a) Parties to this action who have agreed to this Protective Order by signing through counsel;

    (b) outside counsel who represent Parties in this action, and regular and temporary employees of those counsel assisting in the representation for use in accordance with this Protective Order;

(c) experts and consultants who have been engaged to assist counsel for a Party ("Technical Advisors") and who are not employed by, were not employed by, are not anticipated to be employed in the next twelve (12) months by, and are not otherwise affiliated with the opposing Party, and who have signed the attached Exhibit (which signed Exhibit must be immediately produced to the opposing party upon request);

(d) the Court in this action;

(e) any actual deponent or witness in this action who:

(i) has previously received the CONFIDENTIAL MATERIAL in his or her capacity as a director, officer or employee of the Party who produced the material;

(ii) has been informed previously of the CONFIDENTIAL MATERIAL in his or her capacity as a director, officer or employee of the Party who produced the material; or

(iii) is currently employed by the Party that produced the CONFIDENTIAL MATERIAL; and

(f) the court reporter engaged to report a deposition in which CONFIDENTIAL MATERIAL is disclosed and any service bureau. A "service bureau" is a person, agency or organization that is independent of the Parties and is engaged by counsel of record to perform clerical, copying, bate stamping, document handling, stenographic, computer data entry or other litigation support services.

10. Discovery Materials designated CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY and information contained therein may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) outside counsel who represent Parties in this action, and regular and temporary employees of those counsel assisting in the representation for use in accordance with this Protective Order;

(b) Technical Advisors who are assisting outside counsel in this action;

(c) the Court in this action;

(d) any actual deponent or witness in this action who:

(i) was the author of the material designated as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY; or

(ii) is currently employed by the Party that produced the material designated as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY; and

(e) the court reporter engaged to report a deposition in which material designated as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY is disclosed and any service bureau.

11. The Parties described above in Paragraphs 9(a)-(f) and 10(a)-(e) are prohibited from disclosing, summarizing, describing, characterizing or otherwise communicating material designated as either CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, directly or indirectly, except in accordance with the terms of this Protective Order.

12. In the event that deposition testimony is designated CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY pursuant to Paragraph 8(c), all persons not identified in Paragraph 10 shall be excluded from the deposition and shall not re-enter until the designating Party agrees that the testimony is no longer confidential and does not warrant the protection of the CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY designation. However, Parties opposing a CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY designation reserve the right to promptly challenge said designation, pursuant to the procedure set forth in Paragraphs 6 and 7.

13. Notwithstanding the terms of Paragraphs 9 and 10, the undersigned counsel may agree in writing to allow Discovery Materials designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY to be disclosed to a person or entity not listed Paragraphs 9(a)-(f) or 10(a)-(e). The Parties agree to meet and confer in good faith, pursuant to Local Rule 37, in the event that a Party wishes to disclose Discovery Materials designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY to a person or entity not listed Paragraphs 9(a)-(f) or 10(a)-(e). Should the Parties disagree as to whether such Discovery Materials may be disclosed to such a person or entity, the Parties shall follow the procedures set forth in Local Rule 37 regarding discovery disputes.

14. Before any Discovery Materials designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, or information contained therein, may be disclosed to any person described in subparagraphs 9(c) or 10(b), that person shall be required to agree in writing or on the record to adhere to the terms of this Protective Order. Nothing contained in this Protective Order shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated Discovery Materials during Court proceedings or depositions in this action.

15. Anyone who intends to disclose, summarize, characterize, otherwise communicate, give access to or make available CONFIDENTIAL MATERIAL or material designated as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY to any person described in subparagraphs 9(c), 9(f), 10(b), and/or 10(e) must:

(a) advise the person that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any other person except pursuant to the terms hereof; and

(b) require the person to commit, in writing or on the record, to abide by and be bound by the terms of this Protective Order, by for example, executing a Confidentiality Agreement substantially in the form of Attachment A hereto.

16. Counsel for any Party submitting to or lodging or filing with the Court any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY or any paper which contains, reflects or reveals CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, shall apply to the Court to file all such documents under seal pursuant to Local Rule 79-5.1. All subsequent papers that refer to or rely upon such evidence shall designate the particular aspects that are CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, so that the Court, in drafting orders, may determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

17. Entering into, agreeing to, or producing or receiving CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission that any particular CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY contains or reflects trade secrets or any other type of proprietary information;

(b) operate as an admission that any particular CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY is relevant or admissible at trial, or prejudice in any way the rights of a producing Party to object to the production or admissibility of any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY; or

(c) prevent the Parties to this Protective Order from agreeing in writing to amend, alter or waive the provisions or protections provided for herein with respect

to any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY.

18. This Protective Order has no effect upon, and shall not apply to any producing Party's use of its own CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY for any purpose.

19. If a document or other information is inadvertently produced without any designation of confidentiality, a Party nevertheless may assert the confidentiality of the document or other information and the Parties must thereafter treat the document or other information as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, as asserted. After such an assertion, each Party shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each copy of the newly designated document or other information in its possession and shall make all reasonable efforts to ensure that every entity or individual to whom that Party has disclosed the information also affixes the appropriate legend to each copy of the newly designated document or other information in its possession.

20. All documents (including physical objects) may be made available for initial inspection by counsel for the receiving Party prior to producing copies of selected items. At the request of the producing Party, these documents made available for initial inspection shall initially be considered, as a whole, to constitute CONFIENTIAL MATERIAL-ATTORNEYS' EYES ONLY and shall be subject to this Protective Order. Thereafter, the producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY prior to furnishing copies to the receiving Party.

MHA 4540-11V3 (Forsslund.1 )
CASE NO. CV11-0454 AHM (AGRx)
PROPOSED STIPULATED PROTECTIVE ORDER
12

not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document so inspected.

21. Such initial inspection of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document so inspected.

22. Furnishing of copies to the receiving party also shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document so inspected.

23. In the event of inadvertent production of documents or things properly within the attorney-client privilege or work product immunity, the producing party designates any such documents as within either the attorney-client privilege or work product immunity, and requests return of any such documents to the producing party. Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have ten (10) business days to respond. The producing party's response shall: (1) state whether the document was or was not inadvertently produced, (2) if applicable, designate the document as within the attorney-client privilege or work product immunity, and (3) state whether return of the document is requested. Upon request by the producing party for return of any such documents designated as within either the attorney-client privilege or work product immunity, the receiving party immediately shall return to the producing party all copies of such documents provided the producing party make an adequate showing of the privilege or work product immunity. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Court.

23. In the event of disclosure of any CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY to a person not authorized to receive it under the terms of this Protective Order, the party responsible for having made, and any party with knowledge of, such disclosure shall

immediately inform counsel for the producing Party of all information concerning
the nature and the circumstances of the disclosure. The responsible Party also must
promptly take all reasonable measures to ensure that no further or greater
unauthorized disclosure of such information or materials is made by anyone, and
each Party will cooperate in good faith in that effort.

24. In the event any additional Party joins or is joined in this action, the
newly joined Party shall not have access to CONFIDENTIAL MATERIAL until the
newly joined Party, by its counsel, has executed and filed with the Court its
agreement to be bound fully by this Protective Order by executing and delivering
to the parties hereto an agreement to be bound by its terms. At no time will a Party
have access to CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY.

25. Within thirty (30) calendar days after the conclusion of this action in its
entirety, all persons receiving CONFIDENTIAL MATERIAL or CONFIDENTIAL
MATERIAL-ATTORNEYS' EYES ONLY must either return such material and all
copies thereof to counsel for the Party that produced it, and certify that fact by
affidavit, or must destroy all such material in a manner that ensures that such
material will not be disclosed to other persons and shall certify that fact by affidavit.
Counsel for the parties are entitled to retain all court papers, deposition and trial
transcripts, exhibits used in affidavits, at trial, and at depositions, and attorney work
product (except for certain litigation database, as set forth in the third sentence in this
paragraph), including materials containing, quoting, discussing or analyzing
CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS'
EYES ONLY, provided that such outside counsel, and employees of such outside
counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits
or attorney work product to any person except on reasonable notice to the producing
Party and pursuant to a court order, or agreement by the producing Party. Litigation
databases (or portions of databases) containing either the full text of

CASE NO. CV11-0454 AHM (AGRx)
PROPOSED STIPULATED PROTECTIVE ORDER
13
[Proposed 1]

CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY or abstracts thereof must be disposed of in accordance with the first sentence of this paragraph, except to the extent such databases contain the materials described in the second sentence of this paragraph. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. "Conclusion of this action" means after all appeal periods have expired or after the execution of a settlement among all the Parties finally disposing of this action.

26. In the event that any person ceases to be engaged in the litigation and/or settlement of this action, such person's access to documents, testimony and information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY shall be terminated. However, the provisions of this Protective Order shall remain in full force and effect as to any person or Party who has obtained access to documents, testimony or information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY hereunder, except as may be specifically ordered by the Court or consented to by the producing Party. In addition, any such person who ceases to be engaged in the litigation and/or settlement of this action and who has had access to documents, testimony or information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY must return or destroy such material in accordance with Paragraph 25 of this Protective Order.

27. CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY and all copies or reproductions thereof in the possession of counsel shall be maintained in a secure manner with reasonable precautions taken to ensure that access is restricted to persons entitled to have such access pursuant to this Protective Order.

28. If the production of CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY is sought by means of legal process, the recipient of the legal process shall (a) notify the originator of the CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY and (b) cooperate with the originator of the CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY to use all reasonable legal means to avoid production or, in the alternative, insure that production is subject to this Protective Order or similar provisions of confidentiality and non-disclosure.

29. In order to facilitate the prompt exchange of documents, the terms of this Protective Order are binding on a Party and their Technical Advisors immediately upon signing this Protective Order. When and if this Protective Order is entered by the Court, such entry shall be deemed retroactive to the date of execution of this Protective Order by representatives for all Parties.

30. Documents designated CONFIDENTIAL MATERIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY may be used by any Party without limitation at trial. However, any Party who wishes to have such documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY during trial may renew its request for confidentiality before the trial judge at a pretrial conference and/or through a motion in limine in advance of trial. Any Party who wishes to have such documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY during trial must show sufficient cause for such treatment.

31. Miscellaneous

(a) By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

1 waives any right to object on any ground to use in evidence of any of the material
2 covered by this Protective Order. Moreover, this Protective Order shall not preclude
3 or limit any Party's right to seek further and additional protection against or
4 limitation upon production of documents produced in response to discovery.

5     (b)    Nothing in this Protective Order shall require disclosure of materials a
6 Party contends are protected from disclosure by the attorney-client privilege or the
7 attorney work-product doctrine. This provision shall not, however, be construed to
8 preclude any Party from moving the Court for an order directing the disclosure of
9 such materials where it disputes the claim of attorney-client privilege or attorney
10 work-product doctrine.

11     (c)    This Protective Order shall not prevent a Party from applying to the
12 Court for relief therefrom, or from applying to the Court for a modification of this
13 Protective Order or further protective orders, or from agreeing between themselves
14 to modification of this Protective Order.

15     (d)    This Protective Order may be executed in counterparts, which taken
16 together shall be deemed to constitute one and the same document. Facsimile,
17 photocopy and PDF signatures shall be considered original signatures.

18     (e)    The Court's jurisdiction to enforce the terms of this Order expires six
19 (6) months after final termination of this action unless otherwise ordered by the
20 Court.

IT IS SO ORDERED.
DATED: May 9, 2011

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

PROPOSED STIPULATED PROTECTIVE ORDER

CASE NO. CV11-0454 AHM (AGRx)

{F0782714.1}

IT IS SO STIPULATED.

*Attorneys for Plaintiff and Counter-Defendant Solid 21, Inc.:*

| | |
|---|---|
| Dated: Studio City, California<br>April 22, 2011 | Dated: Studio City, California<br>April 25, 2011 |
| **LAW OFFICES OF GEORGE E. AKWO** | **BITTON & ASSOCIATES** |
| By: _____<br>George E. Akwo (SBN 164670)<br>(george@akwolaw.com)<br>12080 Ventura Place, Suite D<br><br>Studio City, CA 91604<br>Tel.: (310) 435-9406 | By: _____<br>Ophir Jacob Bitton<br>(SBN 204310)<br>(ophir@bittonlaw.com)<br>12080 Ventura Place, Suite D<br>Studio City, CA 91604<br>Tel.: (818) 524-1223 |

PROPOSED STIPULATED PROTECTIVE ORDER              CASE NO. CV11-0454 AHM (AGRx)

[F0782714.1]

1 | *Attorneys for Defendant and Counter-Claimant Richemont North America, Inc.*
2 |
3 |
4 | Dated: New York, New York
5 | May 4, 2011
6 | **FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
7 |
8 | By: /s/ John Margiotta
9 | John P. Margiotta
10 | (jm@fzlz.com)
11 | Laura Popp-Rosenberg
12 | (lpopp-rosenberg@fzlz.com)
13 | Anna P. Leipsic
14 | (aleipsic@fzlz.com)
15 | 866 United Nations Plaza
16 | New York, NY 10017
17 | Tel.: (212) 813-5900

Dated: Los Angeles, California
May 4, 2011

**YOUNGERMAN & McNUTT LLP**

By: /s/ Stephen Youngerman
Stephen Youngerman
(SBN 98784)
(sy@ymlaw.net)
David A. Robinson
(SBN 161103)
(dar@ymlaw.net)
11150 West Olympic Boulevard,
Suite 900
Los Angeles, CA 90064
Tel.: (310) 478-3780

PROPOSED STIPULATED PROTECTIVE ORDER

CASE NO. CV11-0454 AHM (AGRx)

{P0782714.1}

**EXHIBIT TO PROTECTIVE ORDER**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID 21, INC., | Case No.: CV11-0454 AHM (AGRx) |
| Plaintiff, | *[Assigned to Magistrate Judge Alicia G. Rosenberg in Court Room D]* |
| vs. | |
| RICHEMONT NORTH AMERICA, INC., et al., | **DECLARATION REGARDING PROTECTIVE ORDER** |
| Defendants. | Action Filed: January 14, 2011 |
| RICHEMONT NORTH AMERICA, INC., | |
| Counter-Claimant, | |
| vs. | |
| SOLID 21, INC., | |
| Counter-Defendant. | |

I, _____, HEREBY DECLARE:

1. I am over the age of 18. I have received and read a copy of the Protective Order entered by the Court on _____, 2011, and am familiar with its terms.

2. I agree to comply with and be bound by the Protective Order until relieved by further Order of the Court or by written agreement of all the parties to this Action.

3. I agree to submit to the jurisdiction of this Court if any dispute arises over my use of the Confidential Information covered under the Protective Order or over any other issues raised under the Protective Order.

4. My address and telephone number is: _____

1  I declare under penalty of perjury under the laws of the Untied States that the
2  foregoing is true and correct.
3  Executed on this ____ day of _____, 2011, in the City of
4  _____, State of _____.
5
6  Signature: _____
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED STIPULATED PROTECTIVE ORDER                    CASE NO. CV11-0454 AHM
                                                        (AGRx)
{F0782714.1}